**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTIAN ERNESTO RODRIGUEZ-RODRIGUEZ,<br><br>           Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>           Respondent. | No. 08-70065<br><br>Agency No. A097-558-094<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 13, 2014[**]

Before:    SCHROEDER, THOMAS, and HURWITZ, Circuit Judges.

Christian Ernesto Rodriguez-Rodriguez, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and grant in part the petition for review, and we remand.

The agency denied Rodriguez-Rodriguez's asylum application as time barred. Rodriguez-Rodriguez does not challenge this finding in his opening brief.

In denying Rodriguez-Rodriguez's withholding of removal claim, the agency found Rodriguez-Rodriguez failed to establish a fear of future persecution on account of a protected ground. When the IJ and BIA issued their decisions in this case they did not have the benefit of this court's decisions in *Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc), *Cordoba v. Holder*, 726 F.3d 1106 (9th Cir. 2013), and *Pirir-Boc v. Holder*, 750 F.3d 1077 (9th Cir. 2014), or the BIA's decisions in Matter of *M-E-V-G-*, 26 I. & N. Dec. 227 (BIA 2014), and *Matter of W-G-R-*, 26 I. & N. Dec. 208 (BIA 2014). Thus, we remand Rodriguez-Rodriguez's withholding of removal claim to determine the impact, if any, of these decisions. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

In addition, the BIA appeared to have relied on the existence of government corruption in denying Rodriguez-Rodriguez's withholding of removal claim, but did not consider government corruption in its analysis of his CAT claim. We

remand Rodriguez-Rodriguez's CAT claim for the agency to consider the impact of government corruption on its analysis of state action. *See id.*; *see also Madrigal v. Holder*, 716 F.3d 499, 509-510 (9th Cir. 2013).

Finally, we deny as moot Rodriguez-Rodriguez's motion to remand.

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part.**

**REMANDED.**